IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Meon Miller, | ) | Civil Action No. 0:13-1101-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| James Metts; James Clawson; and Aubry Kelly, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Meon Miller ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983. At the time this action was filed, Plaintiff was pro se, but he is currently represented by counsel.

This matter is before the Court on Defendants' motion for summary judgment which was filed on June 6, 2014. (ECF No. 46.) Plaintiff filed no response to Defendants' motion for summary judgment. The Court issued an Order on July 1, 2014, giving Plaintiff an additional seven (7) days to file his response to the motion for summary judgment. (ECF No. 52.) Plaintiff was specifically advised that if he failed to respond, this action may be decided on the record presented in support of the Defendants' motion or may be recommended for dismissed with prejudice for failure to prosecute. Despite the warning, Plaintiff again filed no response to the pending motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation. On July 10, 2014, the Magistrate Judge issued a Report and Recommendation in which she recommended that the case be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46

L.Ed.2d 483 (1976). The Court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). As well as inherent authority, this court may *sua sponte* dismiss a case for lack of prosecution under Fed.R.Civ.P. 41(b). *Id.* at 630. Plaintiff has failed to comply with this Court's orders. As such, the Court finds that this case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks  
United States District Judge

August 8, 2014  
Greenville, South Carolina